IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| IN THE MATTER OF THE ARREST OF<br><br>JAY OSMOND GARDNER | Case No. 3:20-mj-00168-MMS<br><br>**FILED UNDER SEAL** |
|---|---|



Apr 01 2020

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, **Ty Bishop**, having been duly sworn, state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent [SA] with the United States Department of Homeland Security [DHS], Immigration and Customs Enforcement [ICE], Homeland Security Investigations [HSI], currently employed in the Anchorage, Alaska Office of the Resident Agent in Charge. My duties and responsibilities include executing and serving federal warrants, subpoenas, and other official orders; making warrantless arrests, and investigating violations of federal law. I have been a Special Agent with HSI since July of 2009 in addition to having been an Officer with the Bureau of Customs and Border Protection [CBP] from 2005 to 2009.

2. I hold a Bachelor of Arts degree in International Agribusiness and a minor in Spanish from Utah State University. I have received Customs and Border Protection Officer Training, Criminal Investigator Training, and ICE/HSI Special Agent training at the Federal Law Enforcement Training Center in Glynco, Georgia.

3. I am a law enforcement officer as defined in 18 U.S.C. § 2510(7). I am also a law enforcement officer within the meaning of 19 U.S.C. § 1589(a), and am empowered to serve any warrant issued under the authority of the United States. I am further empowered to conduct investigations, and make arrests for offenses enumerated in 18 U.S.C. § 1028 and other federal offenses.

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS

 Apr 01 2020



4. My primary investigative assignment has been the investigation of customs matters primarily related to drug trafficking, firearms and money laundering offenses. I have also been assigned multiple document fraud and identity theft cases as related to my primary duties as a Special Agent for Homeland Security Investigations. I have been involved in numerous cases either as a participating investigator or as the case agent.

## CASE BACKGROUND

5. On August 2, 2016, the Alaska State Troopers (AST) received information that Jay Osmond GARDNER, DOB: ▆▆▆▆▆▆, ID ▆▆▆▆▆▆▆, was hiding from law enforcement because of an arrest warrant. The tip also related that Jay GARDNER, hereinafter referred to as SUBJECT was believed to have traveled to Bethel, AK utilizing the alias of "Chris." AST conducted records checks confirming the SUBJECT was wanted for failing to appear for Misconduct Involving a Controlled Substance charge and a Misconduct Involving a Weapon charge.

6. On August 15, 2016, the SUBJECT was observed by AST Trooper Moehring as the SUBJECT attempted to purchase medication at the Yukon-Kuskokwim Health Corportation in Bethel for "Chris RUSSELL." Trooper Moehring noted that "Chris RUSSELL." matched the description of the SUBJECT (wanted Jay GARDNER) from the tip. Trooper Moehring overheard the SUBJECT as he stated that he could not pay for the medication and the SUBJECT departed. A few minutes later the SUBJECT returned with a nurse who told the clerk she needed a prescription for "Chris RUSSELL." The clerk clarified with the two who the prescription was for and the SUBJECT pointed to himself and stated he was Chris RUSSELL. The nurse then paid for the medication and the SUBJECT signed for the medication as Chris RUSSELL and subsequently received the medication before he departed.

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS


Apr 01 2020

7. A few minutes later after Trooper Moehring observed the SUBJECT in the hospital, the SUBJECT was again observed by Trooper Moehring as the SUBJECT walked along the highway in Bethel. Trooper Moehring called for an AST Patrol vehicle and was assisted by Trooper Blessent who stopped the SUBJECT. Upon contact the SUBJECT provided his name as Chris RUSSELL and also provided Alaska driver's license ▮▮▮▮▮▮▮, that bore the name Christopher RUSSELL, DOB: ▮▮▮▮▮▮▮. Trooper Moehring took the SUBJECT into custody.

8. After the SUBJECT was advised of his rights the SUBJECT first asked for an attorney but later agreed to talk to Trooper Moehring regarding the ID. The Subject stated that Chris RUSSELL was the SUBJECT's oldest son and had allowed the SUBJECT to use the driver's license because the SUBJECT had lost his ID.

## CURRENT INVESTIGATION

9. The SUBJECT was previously identified as a murder suspect in 2015 after Daniel BUCKWALTER's vehicle was discovered on August 6, 2015 a short distance from the SUBJECT's residence. Through the investigation the SUBJECT's residence was identified as the crime scene of the murder. Investigators identified blood and fibrous tissue on BUCKWALTER's vehicle, which through DNA analysis was determined to belong to BUCKWALTER. Blood determined through DNA to be BUCKWALTER's was also discovered by investigators at the residence of the SUBJECT. Through the investigation the investigators determined the SUBJECT participated in the disposal of BUCKWALTER's vehicle from the SUBJECT's property which was determined to be the crime scene of the murder.

10. On August 14, 2015 the SUBJECT was observed by investigators sawing wood in his driveway in an apparent attempt to cover a blood stain still present in his

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS


Apr 01 2020

Case 3:20-mj-00168-MMS Document 1 *SEALED* Filed 04/02/20 Page 3 of 9

driveway. The SUBJECT was questioned and admitted to investigators that BUCKWALTER owed the SUBJECT and Josh VIALPANDO money for illicit drug purchases. The SUBJECT further stated that previously on August 4, 2015, the SUBJECT had convinced BUCKWALTER to come over to the SUBJECT's residence and then alerted VIALPANDO upon the arrival of BUCKWALTER to the SUBJECT's residence. The SUBJECT further claimed VIALPIANDO and two others arrived at his property at which point the SUBJECT went inside his residence. After going inside, the SUBJECT stated he heard a gunshot, looked outside and observed BUCKWALTER had been shot and was running around.

11. AST Trooper investigators identified an eye witness who identified the SUBJECT as having been present at a triple homicide occurring November 2, 2019. On December 3, 2019, the SUBJECT was contacted by AST Investigators at his residence located at ███████████████████████████. During the December 3rd contact with AST Investigators the SUBJECT stated that he was not a witness to the murders of which the Investigators were inquiring, and he had no direct evidence about it. The SUBJECT further stated he was home on the night in question and that his sister, Cher JAMMES, who lived in a trailer on the property could verify this. JAMMES was subsequently interviewed by AST Investigators and indicated to the investigators that she could not verify if the SUBJECT was home on the night in question.

12. Your affiant attests the SUBJECT had knowledge that the identity of Cher JAMMES was a real person given the SUBJECT referred to her as his sister who lived on the same property as the SUBJECT. JAMMES statements also confirm the SUBJECT is and was aware that JAMMES' identity is that of a real individual, as she acknowledged that they knew each other. Cher JAMMES most recent ID that was

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS


Apr 01 2020

accompanied by a photo of Cher JAMMES, ▮▮▮▮▮▮▮ was issued on October 15, 2019.

(Photographed person for ▮▮▮▮▮▮▮-Cher JAMMES on October 15, 2019)



13. The SUBJECT's true Alaska state ID, ▮▮▮▮▮▮▮ was issued in his birth name and identity of Jay Osmond GARDNER on March 1, 2019, and lists a mailing and residential address of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The SUBJECT



AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS

appears in the photo of ▇▇▇▇ captured on March 1, 2019, with a gray beard and darker hair.

(Photographed person for ▇▇▇▇ Jay Osmond GARDNER on March 1, 2019)



14. On January 22, 2020, a renewal of Alaska state identification card, ▇▇▇▇ was issued by the state of Alaska to the SUBJECT after he presented himself to be Cher JAMMES, DOB ▇▇▇▇. The SUBJECT listed a mailing and

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS



Apr 01 2020

residential address of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ on the application for the identification card. The photogragh of the individual that obtained a new ID for ▇▇▇▇▇▇ on January 22, 2020 appears to be that of the SUBJECT clean shaven and with longer black hair.

(Photographed person for ▇▇▇▇▇▇-Cher JAMMES on January 22, 2020)




Apr 01 2020

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS

15. On March 25, 2020, the SUBJECT used the fraudulently obtained ID card with the identity of Cher JAMMES to identify himself to several Alaska Airlines (AS) employees at Ted Steven's International Airport (ANC) in an attempt to check in for AS flight 82, reserved in the name of Cher JAMMES. The SUBJECT was in possession of a printed reservation with confirmation XARJVU for traveler Cher JAMMES, AS mileage plan ▇▇▇▇▇▇▇, flight 82, departing ANC at 6:00 am.

16. The SUBJECT was approached by your affiant and AST Investigator Calt at approximately 5:43 am while the SUBJECT was attempting to check in for his AS flight. Your affiant identified himself to the SUBJECT as an official with the Department of Homeland Security and asked to verify the SUBJECT's name, boarding pass and identification. The SUBJECT stated to your affiant and Investigator Calt that his name was Cher JAMMES, however, he preferred to be called Janey. The SUBJECT also stated to your affiant that he preferred Janey because he was teased while he was growing up because his name was Cher. The SUBJECT presented Alaska ID ▇▇▇▇▇▇▇ to your affiant which was issued on January 22, 2020, with a photograph that is an accurate representation of the SUBJECT's current appearance.



AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS



Apr 01 2020

17. Upon being informed of the arrest warrants the Troopers had for the SUBJECT, the SUBJECT requested that your affiant contact his sister that lives on his property. The SUBJECT was asked what the sister's name was, and the SUBJECT replied inaduably, but told your affiant to tell his sister that Janey was calling.

18. Your affiant believes that probable cause exists that the SUBJECT with knowledge and intent did assume the identity of Cher JAMMES to travel interstate and avoid further contact with AST investigators. The SUBJECT also made false statements to your affiant and Investigator Calt in furtherance of this fraud.


Apr 01 2020

_____
Ty Bishop, Affiant
Special Agent
Homeland Security Investigations

*The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this 1st day of April , 2020.*

_____
HON. MATTHEW M. SCOBLE
United States Magistrate Judge

AFFIDAVIT OF SPECIAL AGENT TY BISHOP
USAO# 3:20-mj-00168-MMS